# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1908018349 |
| | ) | |
| BRANDON L. TANN, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  January 6, 2021
Date Decided:    March 5, 2021

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence (the "Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On January 24, 2020, Defendant pled guilty to Attempted First-Degree Assault, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Disregarding a Police Officer's Signal.[2]

2.      In an order issued on January 24, 2020 and effective August 27, 2019, the Court sentenced Defendant as follows:  for Attempted First-Degree Assault, 10

---

[1] D.I. 30.  Although Defendant lists two criminal case numbers in his Motion (ID Nos. 1706011079 and 1908018349), he appears to request modification only of the sentence that he received in ID No. 1908018349.  When his motion form prompted him to list his sentencing date, Defendant wrote January 24, 2020, the date on which he was sentenced in ID No. 1908018349.  And when his motion form prompted him to list the offenses to which he was sentenced, Defendant listed the offenses to which he was sentenced in ID No. 1908018349.  Thus, the Court limits its discussion to ID No. 1908018349, and all citations in this order correspond to that case.

[2] D.I. 16.

years at Level V, suspended after 2 years at Level V, for 2 years at Level IV (DOC Discretion), suspended after 6 months at Level IV (DOC Discretion), for 18 months at Level III, hold at Level V until space is available at Level IV (DOC Discretion); for PFBPP, 3 years at Level V, suspended for 1 year at Level III; and for Disregarding a Police Officer's Signal, 2 years at Level V, suspended for 1 year at Level III.[3]

3. On April 16, 2020, Defendant filed a timely Motion for Modification of Sentence, which the Court denied on the merits on May 7, 2020.[4]

4. On January 6, 2021, Defendant filed a second Motion for Modification of Sentence—the instant Motion.[5] In this Motion, Defendant asks the Court to modify the remainder of his Level V time to an "enhanced" period of Level III time and to order mental health treatment at an outside placement.[6] Defendant asserts a number of grounds in support of his requests. First, Defendant argues that there are extraordinary circumstances that warrant modification of his sentence; he explains that he is serving his sentence at the Howard R. Young Correctional Institution and maintains that the staff there has been mismanaging the spread of COVID-19, which has put his life at risk.[7] Second, Defendant explains that he has made a conscious

---

[3] D.I. 17.
[4] D.I. 25–26.
[5] D.I. 30.
[6] *Id.*
[7] *Id.*

decision to "abandon the misguided thinking process that caused his incarceration."[8] Third, Defendant avers that he has lost his home, wife, family, and business due to his incarceration and the COVID-19 pandemic.[9] Fourth, Defendant contends that he has not received proper treatment for his mental health disorders and has lost vision in his right eye.[10]

5. Superior Court Criminal Rule 35(b) governs the modification of sentences.[11] Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[12] The Court may consider an untimely motion only if the defendant shows "extraordinary circumstances" or if the Department of Correction ("DOC") files an application for good cause shown pursuant to 11 *Del. C.* § 4217.[13] Rule 35(b) also prohibits the Court from considering "repetitive requests for reduction of sentence."[14] A motion is repetitive when it is "preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[15]

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Super. Ct. Crim. R. 35(b).
[12] *Id.*
[13] *Id.*
[14] *Id.*
[14] *Id.*
[15] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

3

6.     Here, Defendant's Motion is time barred.  As a threshold matter, Defendant asks the Court to modify a sentence of imprisonment, which triggers the 90-day filing deadline in Rule 35(b).  Defendant was sentenced on January 24, 2020, and he filed the instant Motion on January 6, 2021—more than 90 days later.[16] Neither exception to the time bar applies.  The DOC has not filed an application for good cause shown pursuant to 11 *Del. C.* § 4217.  And although Defendant asserts that the prison staff's alleged mishandling of COVID-19 constitutes "extraordinary circumstances," the Supreme Court of Delaware has considered and dismissed that argument.[17]

7.     Defendant's Motion is also barred as repetitive.  As noted above, the instant Motion for Modification of Sentence is Defendant's second.[18]

8.     Next, relevant to Defendant's particular medical needs, the Supreme Court has stated that if a defendant's "specific individual medical condition warrants sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief."[19]

---

[16] D.I. 17, 30.

[17] *Woods v. State*, 2021 WL 304007, at *2 (Del. Jan. 28, 2021) (citation omitted) ("Woods's contention that DOC has not acted appropriately to contain the spread of COVID-19 within the prison system does not provide a basis for relief under Superior Court Rule 35(b).").

[18] D.I. 25.

[19] *Woods*, 2021 WL 304007, at *2 (brackets and internal quotation marks omitted) (quoting *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020)).

4

9.      Lastly, as a general matter, the Court notes that a primary purpose of Rule 35(b) is to "give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[20]  Having taken that second chance, the Court finds that Defendant's initial sentence is appropriate for all of the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Brandon L. Tann (SBI# 00401050)
       Mark A. Denney (DAG)

---

[20] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014) (citations omitted).